```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
STRIKE 3 HOLDINGS, LLC,

                                Plaintiff,
            -against-                                    ORDER
                                                    22-cv-7884-DLI-RER

JOHN DOE subscriber, assigned IP address
72.80.198.18,

                                Defendant.
----------------------------------------------------------------X
```

## ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3") commenced this copyright infringement action against an unnamed defendant ("Doe Defendant"), identified only by the Internet Protocol ("IP") address allegedly associated with them (72.80.198.18). Presently before the Court is a motion for expedited discovery under Federal Rule of Civil Procedure 26(d)(1), seeking permission to serve a subpoena upon a non-party Internet Service Provider ("ISP"), Verizon Fios, to obtain the true identity of Doe Defendant.

The Court concludes that good cause exists to allow for the expedited discovery. *See Strike 3 Holdings*, *LLC v. Doe*, No. 19-CV-00945 (NGG) (RLM), 2019 WL 4752094 (E.D.N.Y. Sept. 30, 2019); *In re Strike 3 Holdings, LLC*, No. 17-CV-5630 (JS) (SIL), 2018 WL 1710172 (E.D.N.Y. Apr. 9, 2018); *Strike 3 Holdings, LLC v. John Doe,* No. 18-CV-440 (PKC) (RER) (E.D.N.Y. Apr. 24, 2018); *UN4 Prods., Inc. v. Doe et al.,* No. 17-CV-3278 (PKC) (SMG), 2017 WL 2589328 (E.D.N.Y. June 14, 2017); *Malibu Media, LLC v. Doe*, No. 15-CV-3504 (JFB) (SIL), 2016 WL 4444799 (E.D.N.Y. Aug. 23, 2016); *Next Phase Distrib., Inc. v. Does 1–138,* No. 11 Civ. 9706 (KBF), 2012 WL 691830 (S.D.N.Y. Mar. 1, 2012).

Although the discovery request at issue is reasonably likely to "lead to identifying information that would make possible service upon particular defendants who could be sued in federal court," *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004), the Court is cognizant of the substantial likelihood that the subscriber(s) associated with the allegedly infringing IP address may not in fact be the infringer(s), *In re BitTorrent Adult Film Copyright Infringement Cases,* 296 F.R.D. 85 (E.D.N.Y. 2012) ("the alleged infringer could be the subscriber, a member of his or her family, an employee, invitee, neighbor or interloper"); *see also Patrick Collins, Inc. v. Doe 1,* 288 F.R.D. 233, 237 (E.D.N.Y. 2012); *Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012). This risk, together with the sensitive nature of the allegations—that Defendant illegally accessed explicit pornographic films—dramatically increases the probability that an innocent Defendant will be coerced into settlement to avoid embarrassment. *See, e.g.*, *In re BitTorrent*, 296 F.R.D. at 85, 90 (collecting cases). Special precautions are therefore necessary to protect Defendant's reputation and minimize Plaintiff's incentive to engage in abusive litigation practices. *See, e.g.*, *id.* at 93.

Accordingly:

**IT IS ORDERED** that Strike 3 may promptly serve a subpoena in compliance with Federal Rule of Civil Procedure 45 (the "Subpoena") on the ISP specifically identified in the Complaint in the above-captioned matter to obtain <u>only</u> the name and address of the internet subscriber(s) associated with the IP address also identified therein. Under no circumstances is Strike 3 permitted to seek or obtain any Doe Defendant's phone number or email address, or to seek or obtain information about potential defendants other than those whose IP address is specifically identified in the Complaint, without a further Court order. Each such Subpoena shall have a copy of the Complaint and a copy of this Order attached; and

**IT IS FURTHER ORDERED** that, upon receiving a Subpoena, the ISP shall use reasonable

efforts to identify the internet subscriber(s) associated with the referenced IP address, but shall not immediately disclose such information to Strike 3. Rather, within sixty (60) days of receiving a Subpoena, the ISP shall serve a copy thereof, together with a copy of the Complaint and a copy of this Order, upon the subscriber(s) it determines to be associated with the implicated IP address. This measure is appropriate to place the subscriber(s) on fair notice of Strike 3's efforts to obtain their identifying information, and their rights to contest the Subpoena or litigate it anonymously.

In this regard, service by the ISP upon any Doe Defendant may be made using any reasonable means, including written notice sent to their last known address, transmitted either by first-class or overnight mail; and

**IT IS FURTHER ORDERED** that a Doe Defendant who receives copies of the Subpoena, the Complaint, and this Order will have a period of sixty (60) days to file any motions with this Court contesting the Subpoena (including a motion to quash or modify the Subpoena), as well as any request to litigate the Subpoena anonymously. The ISP may not disclose any Doe Defendant's identifying information to Strike 3, or its employees or agents, at any time before the expiration of the 60-day period. Additionally, if a Doe Defendant or ISP files a motion to quash the Subpoena, the ISP may not turn over any information to Strike 3, or its employees or agents, until the issues set forth in the motion have been addressed and the Court issues an Order instructing the ISP to resume in turning over the requested discovery; and

**IT IS FURTHER ORDERED** that if the 60-day period within which a Doe Defendant may contest or otherwise move with respect to a Subpoena lapses without such action, the ISP will have a period of ten (10) days to produce the information responsive to the Subpoena to Strike 3 or file its own motion to quash if it so chooses. In the event a Doe Defendant or ISP moves to quash or modify a Subpoena, or to proceed anonymously, he or she shall at the same time as their filing also notify the ISP so that the ISP is on notice not to release the Doe Defendant's contact information to Strike

3, or its employees or agents, until the Court rules on any such motion; and

**IT IS FURTHER ORDERED** that an ISP receiving a Subpoena shall confer with Strike 3 and shall not assess any charge in advance of providing the information requested therein. If an ISP elects to charge for the costs of production, it shall provide a billing summary and cost report to Strike 3; and

**IT IS FURTHER ORDERED** that, upon receiving a Subpoena, each ISP shall take reasonable steps to preserve information responsive to the Subpoena until such information is produced to plaintiff or the Court finally resolves any motion related to the subpoena; and

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Strike 3 in response to the Subpoena may be used by Strike 3 solely for the purpose of protecting its rights as set forth in the Complaints; and

**IT IS FURTHER ORDERED** that until such further Order of the Court, the case identified in the caption above shall be litigated in the name of a "John Doe" defendant, regardless of what information is ultimately disclosed pursuant to the Subpoena.

SO ORDERED.

**/s/ Ramon E. Reyes, Jr.**
RAMON E. REYES, JR.
United States Magistrate Judge
DATE: January 5, 2023
Brooklyn, New York